UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK A. HILL, | : |
|     Petitioner, | : Case No. 2:23-cv-3356 |
| v. | : Judge Algenon L. Marbley |
| | : Magistrate Judge Elizabeth P. Deavers |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : |
|     Defendant. | : |

**OPINION & ORDER**

This matter comes before this Court on Petitioner Mark A. Hill's Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 20). For the reasons explained below, the motion is **DENIED**.

### I. BACKGROUND

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In his petition, Petitioner asserts sixteen grounds for relief stemming from state court proceedings in which a jury convicted him of felonious assault, and the trial court found him guilty of the accompanying Repeat Violent Offender Specification. (ECF No. 8, Exs. 5–6).

#### A. State Court Proceedings

On September 19, 2019, the trial court sentenced Petitioner to a twelve-year term of imprisonment in the Ohio Department of Rehabilitation and Correction. (ECF No.8 , Ex. 6). Petitioner appealed his conviction, and on January 21, 2021, the Ohio Court of Appeals overruled his assignments of error and affirmed the judgment. (ECF No. 8, Ex. 13). On April 27, 2021, the Ohio Supreme Court denied jurisdiction to hear the further appeal. (ECF No. 8, Ex. 16).

1

Additionally, Petitioner sought reconsideration of the appellate court's decision, including en banc review, which the court denied on May 13, 2021. (ECF No. 8, Exs. 36, 37). Petitioner subsequently appealed to the Ohio Supreme Court, which again declined to accept jurisdiction on August 17, 2021. (ECF No. 8, Exs. 39, 41).

While his direct appeal was pending, Petitioner filed a pro se petition to vacate or set aside his conviction. (ECF No. 8, Ex. 17). The trial court denied the petition on December 17, 2020. (ECF No. 8, Ex. 22). Petitioner appealed that decision, and on November 2, 2021, the Ohio Court of Appeals affirmed the trial court's ruling. (ECF No. 8, Ex. 27). His appeal to the Ohio Supreme Court was likewise unsuccessful, as the court declined jurisdiction on February 15, 2022. (ECF No. 8, Exs. 28, 29, 31). Petitioner then sought certiorari from the United States Supreme Court, which denied his petition on June 27, 2022. (ECF No. 8, Ex. 72).

On April 8, 2021, Petitioner also filed an application to reopen his appeal pursuant to Ohio App. R. 26(B). (ECF. 8, Ex. 42). The Ohio Court of Appeals denied Petitioner's application on September 2, 2021. (ECF No. 8, Ex. 46). Petitioner's appeal to the Ohio Supreme Court was again unsuccessful, with the court declining jurisdiction on December 14, 2021. (ECF No. 8, Exs. 47, 48, 50). A petition for writ of certiorari to the United States Supreme Court followed and was denied on October 3, 2022. (ECF No. 8, Ex. 73).

On March 11, 2022, Petitioner filed several motions in the trial court, including: (1) a motion for leave to file a motion for new trial pursuant to Ohio Crim. R. 33(B); (2) a separate Rule 33(B) motion for a new trial based on newly discovered Brady material; and (3) a motion seeking access to public records held by the police department and prosecutor's office. (ECF No. 8, Exs. 57, 58, 62). On August 19, 2022, the trial court denied all motions. (ECF No. 8, Ex. 63). Petitioner appealed, and on June 13, 2023, the Ohio Court of Appeals affirmed, finding that Petitioner failed

2

to demonstrate "that he was unavoidably prevented from discovering the evidence on which he seeks to base his motion for leave to file a motion for new trial or from timely filing a motion for new trial based on prosecutorial misconduct under Brady."(ECF No. 8, Ex. 67). The Ohio Supreme Court declined jurisdiction of the appeal on September 12, 2023. (ECF No. 8, Ex. 71).

### B. Procedural History

On October 4, 2023, Petitioner filed a Petition for a Writ of Habeas Corpus with this Court. (ECF No. 1). Respondent subsequently filed a Motion to Dismiss the Petition. (ECF No. 11). Petitioner filed a response in opposition. (ECF No. 14). On August 14, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as time-barred. (ECF No. 15). The R&R advised Petitioner of his right to file objections within fourteen days, as well as the consequences of failing to do so. (*Id.*). Petitioner thereafter moved for an extension of time to file objections, citing delays in mail delivery and the need for additional time to conduct legal research. (ECF No. 16). The Magistrate Judge granted the request and extended Petitioner's deadline to September 9, 2024. (ECF No. 17).

On September 18, 2024, this Court entered an Order adopting the Magistrate Judge's Report and Recommendation. (ECF No. 18). Upon review of the R&R, this Court found no clear error in the legal conclusions and noted that no objections had been filed. This Court further observed that the time for filing objections under Federal Rule of Civil Procedure 72(b) had expired.

Subsequently, on October 23, 2024, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). (ECF No. 20). In the motion, Petitioner seeks to be relieved from the Court's Order adopting the R&R.

3

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 60(b), a party may move for, and the Court may grant, relief from a final judgment, order, or proceeding for any of the following six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

When considering motions under Rule 60(b)(1) seeking relief from a judgment entered after adopting a report and recommendation where no timely objections were filed, the Sixth Circuit applies principles derived from default judgment cases. *See, e.g.*, *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (holding default judgment principles govern a Rule 60(b)(1) motion for relief from judgment and for leave to file objections to the magistrate judge's report and recommendation). As such, "Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice." *Id*. (quoting *United Coin Meter v. Seaboard Coastline R.R.,* 705 F.2d 839, 844–45 (6th Cir.1983).

In determining whether relief under Rule 60(b)(1) is warranted, the Sixth Circuit considers three factors: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Id*.

Alternatively, Rule 60(b)(6) serves as a catchall provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)). This provision "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741,750 (6th Cir. 2013)).

Although courts have discretion in ruling on Rule 60(b) motions, that discretion "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). This principle is especially applicable to Rule 60(b)(6), "which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 421 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001)).

### III.     ANALYSIS

#### A. Rule 60(b)(6)

Turning first to the catchall provision under Rule 60(b)(6), Petitioner has failed to demonstrate the existence of any extreme, unusual or extraordinary circumstances warranting reopening this case. *See Coleman-Bey*, 287 F. App'x at, 421.

The circumstances here are analogous to those in *Coleman-Bey*, where the Sixth Circuit affirmed the district court's denial of Rule 60(b)(6) relief after adopting a magistrate judge's report and recommendation in the absence of timely objections. 287 F. App'x at 421. While the

5

procedural posture differs slightly—*Coleman-Bey* involved a motion for relief from an order denying an extension, whereas Petitioner seeks relief from this Court's judgment adopting the R&R— the core issue in both cases is the failure to file timely objections despite notice of the deadlines. Moreover, Petitioner argues that the Magistrate Judge's refusal to grant an extension until October 1, 2024, was unreasonable. (ECF No. 20 at 5).

In *Coleman-Bey*, plaintiff was given ten days to file objections to a magistrate judge's report recommending summary judgment. He moved for a thirty-day extension because he was "in administrative segregation and therefore unable to prepare his objections." *Id*. The magistrate judge denied the request without comment. The district court adopted the report and dismissed the complaint. The plaintiff then sought Rule 60(b)(6) relief, claiming the denial of the extension request was an abuse of discretion. The district court denied the motion, finding the initial ten day period sufficient given the objections had to be based on evidence already before the court. The Sixth Circuit affirmed, holding that the plaintiff "failed to demonstrate the existence of any extreme, unusual or extraordinary circumstances in this case that justifies reexamining the merits of his underlying claim." *Id*. at 421–22.

Here, Respondent filed a motion to dismiss the habeas petition, to which Petitioner filed a response. The magistrate judge issued a R&R recommending that the motion be granted and the petition dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner was cautioned of the deadline for filing objections and the consequences of failing to do so. (ECF No. 15 at 23-24). Petitioner moved for an extension, requesting until October 1, 2024, to file objections due to for mail delays and the need for additional legal research. (ECF No. 16). The Magistrate Judge then granted in part the motion, finding September 9, 2024, to be an appropriate date. (ECF No. 17). Despite this extension, Petitioner failed to file any objections by the deadline.

In his Rule 60(b) motion, Petitioner contends that he was unaware of the extended deadline because he did not receive notice. (ECF No. 20 at 4). Even accepting that assertion, as Respondent correctly observes, Petitioner acknowledged receipt of the R&R on August 19, 2024, thus placing him on notice that objections were originally due by August 28, 2024. (ECF Nos. 20 at 4; 21 at 4). Regardless of any claimed unawareness of the extension, Petitioner had sufficient notice of the initial deadline and should have been prepared to file objections. Moreover, although the Magistrate Judge extended the deadline to September 9, 2024, this Court did not enter final judgment until September 18, 2024—nine days after the extended deadline—providing further opportunity for Petitioner to act.

Petitioner did not file his Rule 60(b) motion until October 23, 2024—more than three weeks after the date he himself requested for filing objections, over six weeks after the extended deadline, and nearly two months after the objections were initially due. As in *Coleman-Bey*, Petitioner's failure to act within the time provided—despite notice of the original deadline and additional time—does not constitute "exceptional or extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6). *See Coleman-Bey*, 287 F. App'x at 421.

Accordingly, Petitioner's motion under Rule 60(b)(6) must be denied for his failure to demonstrate extraordinary circumstances warranting such relief.

While denial of an extension request may sometimes justify relief under Rule 60(b), such relief is only appropriate where the proposed objections have "sufficient merit that the court's consideration creates some possibility of a contrary outcome." *Id*. Claims of this nature are evaluated under Rule 60(b)(1), which addresses relief based on mistake, inadvertence, surprise, or excusable neglect. *See, e.g.*, *id*. (denying Rule 60(b) relief from an order denying request for an extension of time to file objections after assessing the merits of the untimely objections and finding

7

them insufficient to warrant a different outcome); *Williams*, 346 F.3d at 612 (applying Rule 60(b)(1) default judgment principles to a motion for relief from a district court's adoption of a report and recommendation where no timely objections were filed); *Stokes v. Warden, Se. Corr. Inst.*, No. 2:22-CV-03921, 2024 WL 4278315, at *2 (S.D. Ohio Sept. 24, 2024) (granting petitioner an opportunity to file objections under Rule 60(b)(1) after finding that, although no objections had yet been filed for the court to assess their merit, petitioner satisfied the other criteria for relief).

### B. Rule 60(b)(1)

Turning next to Rule 60(b)(1), whether relief is warranted depends on three factors: (1) the movant's culpability; (2) prejudice to Respondent; and (3) the merits of Petitioner's claim. *Williams*, 346 F.3d at 613 . Because Rule 60(b)(1) "mandates" a lack of culpability, Petitioner must first demonstrate this factor before the court considers the other two factors. *Id.* (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

#### 1. *Culpability*

This Court finds that Petitioner engaged in culpable conduct. Lack of culpability is established by demonstrating "mistake, inadvertence, surprise, or excusable neglect." *See, e.g.*, *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). Conduct is culpable if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Amernational Indus. v. Action–Tungsram, Inc.,* 925 F.2d 970, 978 (6th Cir.1991) (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391 (6th Cir.1987)). Petitioner has failed to make such a showing here.

Although Petitioner timely requested additional time to file objections due to mailing delays and the need for more legal research, he alleges he never received notice of the new extended deadline. On August 19, 2024, Petitioner became aware of the original August 28, 2024,

8

deadline and, allegedly never received notice that the motion for extension was granted. Nonetheless, Petitioner took no action until October 23, 2024 to file a motion for relief from judgment. As Respondent correctly notes, Petitioner's failure to comply with the original deadline undermines Petitioner's argument that he diligently pursued the timely litigation. (ECF No. 21 at 4).

This is distinguishable from other cases where courts found lack of culpability. For example, in *Stokes*, the court found lack of culpability where the petitioner could not avail himself to the opportunity to file timely objections because he was unaware that the magistrate judge had issued the report. 2024 WL 4278315, at *2. Similarly, in *Williams*, the court found lack of culpability where the plaintiff timely requested additional time due to illness, preexisting professional obligations, the Supreme Court's grant of *certiorari* in a related case, the complexity of the issues, the magnitude of the record, and the magistrate juddge's reliance on caselaw from other jurisdictions. There, the delay was attributable to events beyond counsel's control with no evidence that the reasons were false or frivolous. 346 F.3d at 614.

Petitioner in the case *sub judice*, however, offers no excuse for not knowing any deadline, as in *Stokes*, or for failing to meet the known deadline, as in *Williams*. Given his awareness of the initial deadline to file objections, lack of sufficient justification for missing the extended deadline, and the delay in filing anything further, this Court finds Petitioner has failed to establish a lack of culpability.

Indeed, Rule 60(b)(1) relief is foreclosed by Petitioner's culpability, so this Court's analysis could end here. Nevertheless, for completeness, this Court briefly addresses the remaining two factors.

### 2. Prejudice to Opposing Party

Petitioner argues that Respondent would not suffer prejudice from reopening the case due to the early stage of litigation and the absence of a decision on the merits. (ECF No. 20 at 7). Respondent has not alleged any prejudice.

Even if there is some prejudice to the Respondent in reopening this case, there is a preference for ensuring that cases are decided on their merits rather than on procedural technicalities. *See United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983). The Sixth Circuit has emphasized that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id*. (quoting *Tozer v. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir.1951)); *see also Stokes*, 2024 WL 4278315, at *2 ("The Respondent will be prejudiced some by reopening of the case, but that prejudice must be balanced against federal courts' general preference for judgments on the merits."); *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) ("It is true that the plaintiff will suffer some delay in his recovery if a trial on the merits is held, but 'delay alone is not a sufficient basis for establishing prejudice.'").

Thus, any prejudice to Respondent would not, standing alone, bar relief—if the other Rule 60(b)(1) factors are met.

### 3. Meritorious Claim or Defense

A claim or defense is "meritorious" if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Financial v. Chem–Nuclear Systems,* 815 F.2d 391, 398–99 (6th Cir.1987) (internal quotations omitted) (emphasis added); *see also Amernational Indus. v. Action–Tungsram, Inc.,* 925 F.2d 970, 977 (6th Cir. 1991). The test of meritoriousness is not "likelihood of success," but merely whether the claim or defense

10

is "good at law." *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1983). Accordingly, courts must decide whether permitting the filing of objections creates "some possibility" of a different outcome. *Williams*, 346 F.3d at 614.

At issue in this case is the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which imposes a one-year limit on petitions for a writ of habeas corpus filed by petitioners in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitations period begins from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Additionally, under § 2244(d)(2), the one-year limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending.

### a. Petitioner's Objection to the Applicable Limitations Period

Here, the applicable starting point for the statute of limitations is § 2244(d)(1)(A). Petitioner does not dispute that his conviction became final on July 26, 2021. (ECF No. 20 at 18); *see Bronaugh v. Ohio,* 235 F.3d 280, 283–84 (6th Cir.2000) ("[A]s is also well-settled, the federal habeas one-year limitations period does not begin to run until the 90–day period for filing a writ of certiorari with the United States Supreme Court has elapsed following the conclusion of direct appeal in the state supreme court."). Accordingly, the AEDPA limitations period would commence

11

on July 27, 2021 and expire one year later, on July 27, 2022, absent any statutory tolling or equitable exception. *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018) ("AEDPA's statute of limitations bars [the] petition from being considered unless the time limit was suspended under the statute's tolling provisions or an equitable exception applies.")

Petitioner contends, however, that his petition is timely under § 2244(d)(1)(D), based on newly discovered evidence. (ECF No. 20 at 17). Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations commences on the date when the factual predicate of the claim could have been discovered through the exercise of due diligence. *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001), *see, e.g.*, *Brooks v. McKee*, 307 F.Supp.2d 902, 905–06 (E.D. Mich. 2004) ("The AEDPA's limitations period begins to run when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the facts' legal significance.").

Petitioner claims that, while reviewing the trial transcript in March 2021, he noticed a reference made to neighbors, which led him to investigate. (ECF No. 20 at 18). He states that in April 2021, during a recorded phone call, he learned the names of these neighbors and that they were witnesses to the events underlying his conviction. (ECF No 20 at 8). Petitioner also asserts that the new evidence was not fully discovered until May 2021, during a digitally recorded call revealing that the witnesses spoke to investigators before trial and this information was not disclosed to the defense. (ECF No. 20 at 18).

Even accepting May 2021 as the discovery date, that still precedes the July 2021 finality date under § 2244(d)(1)(A). As such, § 2244(d)(1)(A) controls, and Petitioner's objection to the Magistrate Judge's application of that provision lacks merit.

> b. *Petitioner's Objection to Applicable Statutory Tolling*

Petitioner also argues that his March 11, 2022 motion for leave to file a motion for a new trial based on newly discovered evidence under Ohio Crim. R. 33(B) tolled the limitations period under § 2244(d)(2). However, in *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005), the Supreme Court held that an untimely post-conviction motion was not "properly filed" under § 2244(d)(2), and thus did not toll AEDPA's one-year time limitation. The Court reasoned that "a petition that cannot even be initiated or considered . . . is not 'properly filed,'" as timeliness goes "to the very initiation of a petition and a court's ability to consider that petition." *Id*. The Supreme Court further defined "properly filed" as "when [an application's] delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

In this case, Petitioner filed a motion under Rule 33(B) which provides:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Ohio Crim. R. 33. Petitioner asserts that the neighbors as witnesses constitute newly discovered evidence which he was "unavoidably prevented" from discovering within the 120-day period after the jury's verdict. (ECF No. 20 at 9-9). The Ohio Court of Appeals, however, concluded that Petitioner failed to establish that he was unavoidably prevented from discovering the evidence supporting his new trial motion. (ECF No. 8, Ex. 67). Consequently, the motion for leave to file a new trial motion was denied as untimely and cannot qualify as a "properly filed" application under § 2244(d)(2). As such, it does not toll the limitations period.

Petitioner relies on *Board v. Bradshaw*, 805 F.3d 769 (6th Cir. 2015), but that case is distinguishable. In *Board*, the Sixth Circuit found that an Ohio App. R. 5(A) motion was "properly

13

filed" because that rule contained *no time limit* for filing motions. On the other hand, Ohio Crim. R. 33(B) contains clear deadlines for filing new trial motions—either within 14 days of the verdict, or within 120 days for newly discovered evidence, unless the defendant proves unavoidable prevention. Petitioner failed to satisfy this standard, and the state courts rejected his motion accordingly.

Thus, Petitioner's statutory tolling argument fails, and this objection lacks merit.

*c. Petitioner's Objection to Equitable Tolling*

Petitioner additionally objects to the Magistrate Judge's finding that Petitioner has not demonstrated that he is entitled to equitable tolling in this case. (ECF No. 15 at 19). The AEDPA's statute of limitations is subject to equitable tolling *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling only if two requirements are met: (1) "the petitioner must establish 'that he has been pursuing his rights diligently'"; and (2) "the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland*, 560 U.S. at 649).

Assuming the new evidence qualifies as an "extraordinary circumstance" and was not known until May 2021, this was nonetheless before the end of direct review and Petitioner did not file the instant habeas petition until October 4, 2023, 800 days after his conviction and sentence became final. Courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Moreover, courts have found that a petitioner pursuing rights solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

14

Accordingly, Petitioner's equitable tolling objection lacks merit.

Given Petitioner's failure to demonstrate that relief is warranted under Rule 60(b)(1), in light of his own culpability and the lack of merit in his objections, this Court denies the Rule 60(b)(1) motion.

## IV. CONCLUSION

For the foregoing reasons, this Court **DENIES** Petitioner's Motion for Relief from Judgment (ECF No. 20). This case remains closed. Accordingly, the pending motion (ECF No. 23) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED:  September 9, 2025**